# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-000377-MR-DLH

| | |
|---|---|
| C.H., mother of minor child A.M., ) <br> C.M., father of minor child A.M., and ) <br> A.M., a minor child, ) <br> ) <br>         Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> ASHEVILLE CITY BOARD OF EDUCATION, ) <br> ALLEN JOHNSON, PAUL PERROTTA, ) <br> TRAVIS DURHAM, KIMBERLY DECHANT, ) <br> THERESA CARTER, KATHY LANE, and ) <br> DEE DEE ALLEN, ) <br>         Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Relief from the Judgment [Doc. 43]. The Defendant Asheville City Board of Education ("School Board") and the Defendants Allen Johnson, Paul Perrotta, Travis Durham, Kimberly Dechant, Theresa Carter, Kathy Lane, and Dee Dee Allen ("individual Defendants") (collectively, "Defendants") have responded, opposing the Plaintiffs' Motion [Docs. 45, 46].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 25, 2012, the Plaintiffs commenced this action against the Defendants, alleging violations of the Rehabilitation Act, Americans with

Disabilities Act, and discrimination pursuant to 42 U.S.C. § 1983, as well as nine state law claims. [Doc. 1]. The Plaintiff A.M. is a disabled child, suing through her parents C.M. and C.H. in relation to alleged acts of her former school system and individual staff members. [Id.]. The School Board filed a motion to dismiss the Plaintiffs' claims on March 18, 2013 [Doc. 24], and the individual Defendants filed a motion to dismiss the Plaintiffs' claims on April 15, 2013. [Doc. 30]. In their motions to dismiss, the Defendants argued, *inter alia*, that the Plaintiffs had not exhausted their required administrative remedies before pursuing their claims. [Docs. 25, 31]. The Plaintiffs filed motions seeking extensions of time to respond to the Defendants' motions to dismiss, [Docs. 28, 32], and were granted extensions of time through May 6, 2013 to respond to the School Board [Doc. 29] and through May 20, 2013 to respond to the individual Defendants. [Doc. 33]. The Plaintiffs subsequently sought and obtained more time to respond to the School Board's motion, [Doc. 34], and were granted until May 20, 2013 to respond. [Doc. 35].

The Plaintiffs filed a thirty-two page consolidated memorandum in response to the Defendants' motions to dismiss on May 21, 2013, [Doc. 36], over the Court's page limit set by Local Rule 7.1(D) and one day after the deadline set by the Court for the Plaintiffs' responses. Because the

Plaintiffs had not obtained permission from the Court to exceed the page limit to file a late response, Magistrate Judge Howell struck the consolidated memorandum from the record by Order on June 3, 2013. [Doc. 38]. The Plaintiffs did not seek reconsideration of Judge Howell's Order or otherwise seek leave to file briefs in compliance with the Court's requirements. On June 19, 2013, this Court granted the Defendants' motions to dismiss. [Doc. 41]. In dismissing the action without prejudice, the Court noted that the Plaintiffs' response had been stricken and that they were therefore in default. [Id.]. The Court further noted that it had reviewed the Defendants' motions to dismiss and found the grounds argued for dismissal to be "legally and factually correct." [Id.].

On June 26, 2013, the Plaintiffs moved for relief from the judgment entered by this Court on June 19, 2013, pursuant to Fed. R. Civ. P. 60(b) and Local Rule 7.1. [Doc. 43]. The Plaintiffs assert that "entry of the judgment against Plaintiffs was the result of their counsel's excusable neglect," [Id. at ¶ 7], and request that: (1) they be permitted leave to file two separate memoranda opposing the two motions to dismiss filed by the Defendants, and (2) the Court reconsider its Order dismissing the Plaintiffs' complaint in light of the arguments set forth in the two separate memoranda. [Id. at ¶ 6].

Having been fully briefed, this matter is ripe for disposition.

**III. ANALYSIS**

The Plaintiffs' motion seeks relief from the Judgment pursuant to Federal Rule of Civil Procedure 60(b). Because the Plaintiffs' motion was filed within ten days of the entry of Judgment, however, the Court concludes that the Plaintiffs' motion is more properly construed as a motion to alter or amend the judgment pursuant to Rule 59(e). See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010); MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277 (4th Cir. 2008) (citing Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978), holding that "if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled").

The Fourth Circuit has recognized three grounds for altering or amending a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) is considered an "extraordinary remedy"

which the Fourth Circuit has cautioned should be used only "sparingly" in exceptional circumstances. Id. Such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. Ultimately, the decision to grant or deny a Rule 59(e) motion is a matter within the Court's discretion. See Robinson, 599 F.3d at 407.

The Plaintiffs do not contend that there has been an intervening change in the controlling law, or that there is any new evidence that must be accounted for. Thus, the Court need only consider whether relief is warranted under the third prong of Rule 59(e).

After carefully reviewing the Plaintiffs' motion, the Court concludes that vacating the Judgment is not necessary to correct a clear error of law or prevent manifest injustice. Orders had been entered granting the Plaintiffs extensions of time to answer the Defendants' motions to dismiss, [Docs. 33, 35], establishing May 20, 2013 as the deadline for the Plaintiffs to file their responses. Thus, the Plaintiffs' counsel "knew full well that the deadline . . . was pending." Robinson, 599 F.3d at 408. Counsel further should have known that, pursuant to the Local Rules of this Court, responses to motions should not exceed twenty-five pages in length.

5

W.D.N.C. LCvR. 7.1(D).[1] The Plaintiffs' counsel never sought permission from the Court to exceed the page limit, and never informed the Court of his intention to file a consolidated memorandum. For whatever reason, whether it was simply an oversight or neglect, the Plaintiffs' counsel failed to submit responses to the Defendants' motions to dismiss by May 20, 2013. Further, the Plaintiffs' counsel made a "conscious choice" to consolidate the briefs in opposition to the Defendants' motions to dismiss into one memorandum over the page limit set by the Court, and thus failed to follow the Local Rules regarding the length of his response. Robinson, 599 F.3d at 408. The Plaintiffs also failed to seek reconsideration of the Order striking the admission of the late responses from the record in this case.

Thus, "the dismissal of [this] suit might have been avoided through the exercise of due diligence." Robinson, 599 F.3d at 409 (quoting Fox v. Am. Airlines, 389 F.3d 1291, 1296 (D.C. Cir. 2004)). The "consequences

---

[1] Local Rule 7.1(D) provides, in pertinent part, as follows:

> Page limits, font sizes, spacing, and other formatting requirements are governed by the Standing Civil Order of the judge to whom the case is assigned. Absent such requirements in the Standing Civil Order of the judge to whom the case is assigned, the page limit for any brief is 25 pages, the font size is a minimum of 12 point, lines are double spaced, margins are one inch, and each page is numbered.

stemming from [the Plaintiffs' counsel's] choice[s] . . . cannot be classified as manifestly unjust" in this case.  Id., 599 F.3d at 409.  Therefore, counsel's neglect in failing to file responses to the Defendants' motions to dismiss and in failing to follow the Local Rules regarding the length of his response simply does not justify granting the Plaintiffs the extraordinary relief they request, according to Rule 59(e).  The rules of this Court are not mere suggestions.  Adherence to the Rules of Civil Procedure and the Local Rules is necessary to the orderly disposition of this Court's docket.  Failure of counsel to do so hinders this Court in its mission and thus puts compliant parties at a disadvantage.

The Plaintiffs fare no better if the Court were to analyze their motion under Rule 60(b).  That Rule allows the Court "[o]n motion and just terms [to] relieve a party or [his] legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  The determination of what is "excusable" neglect is an equitable determination, considering "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good

faith," among other factors. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). In addition to establishing one of the six grounds enumerated in Rule 60(b), the movant must also establish that his motion was timely filed, that he has a meritorious defense to the action, and that there would be no unfair prejudice to the nonmoving party by having the judgment set aside. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1998).

The Fourth Circuit has repeatedly held that "[a] party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)." Robinson, 599 F.3d at 413; see Thompson v E.I. DuPont De Nemours & Co., 76 F.3d 530, 533 (4th Cir. 1996) ("Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect."); see also Evans v. United Life & Accident Ins. Co., 871 F.2d 466, 472 (4th Cir. 1989) ("a lawyer's ignorance or carelessness do not present cognizable grounds for relief under [Rule] 60(b)"); see also Universal Film, 479 F.2d at 576 (finding counsel's reliance on other parties to keep him informed of the case and deliberate failure to enter a notice of appearance and file answer may have been "grossly negligent," but could not "be deemed excusable neglect

under Rule 60(b)(1)"); see also Holliday v. Duo-Fast Md. Co., No. 89-1496, 1990 WL 74425, at *2 (4th Cir. filed May 4, 1990) (per curiam) ("The record indicates that the motion for summary judgment was properly served on counsel. His careless handling of the motion and his failure to respond because he did not 'realiz[e] what the Motion was' is not the kind of excusable neglect provided for in Rule 60(b)(1)."). "[A]ttorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." Easley v. Kirmsee, 382 F. 3d 693, 698 (7th Cir. 2004).

The Plaintiffs' counsel alleges that his failure to timely file responses to the Defendants' motions to dismiss and his failure to follow the Local Rules regarding the length of his response constitute the type of mistake, inadvertence or excusable neglect which would justify relief from the Order and Judgment in this case. Specifically, the Plaintiffs' counsel contends that his failures were "'excusable' under Rule 60 in light of the absence of prejudice or bad faith on the part of Plaintiffs or their counsel." [Doc. 44 at 3]. In support of this argument, the Plaintiff's counsel cites Pioneer Investment Services Co., 507 U.S. 380 (1993), in which the Supreme Court confirmed that "an attorney's inadvertent failure to file a proof of claim for the creditors before the deadline set by the bankruptcy court for doing so

could constitute 'excusable neglect.'" [Doc. 44; see id.]. The Pioneer case is distinguishable from this case, however, since the "'peculiar and inconspicuous placement of the bar date in a notice . . .,' without any indication of the significance of the bar date, left a 'dramatic ambiguity' in the notification." Pioneer Inv. Services Co., 507 U.S. at 397.

In this case, the Plaintiffs' counsel was clearly informed of the deadline for the filing of the responses to the Defendants' motions to dismiss by Orders of this Court, [Docs. 33, 35], **as he had requested this deadline himself**. [Docs. 32, 34]. Further, the Plaintiffs' counsel failed to notify the Court of his late filing and request additional time, or to request permission to exceed the page limit for his response to the Defendants' motions to dismiss the case. See Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) (stating that "a litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit"). In addition, the Plaintiffs did not request the Court to reconsider its Order striking their late response to the Defendants' motions to dismiss or submit revised responses until after the case had been dismissed.

Most importantly, however, even if the Court found the Plaintiffs' counsel's conduct to be excusable, the Plaintiffs would not be entitled to

relief under Rule 60(b) because they have failed to establish a meritorious defense in this action. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta Fiberglass, 843 F.2d at 812. Here, the Plaintiffs have submitted to the Court new memoranda which they request for the Court to reconsider, but they have not asserted a meritorious defense in their Rule 60 motion to the reasons for which the Court entered judgment. [Docs. 41, 44]. Rather, the Plaintiffs' counsel merely admits his errors and claims that they were excusable because he was busy with other legal matters. [See Doc. 47 at 2 (explaining that during the time period at issue "counsel was required to prepare for and to appear at hearings in other matters pending in federal and state courts; to make multiple filings in federal and state courts, including a petition for a writ of certiorari to the United States Supreme Court . . . as well as merits briefs in the North Carolina Court of Appeals and the North Carolina Supreme Court, among other obligations"). This explanation simply is insufficient, particularly in light of counsel's failure to address the merits of the Defendants' motions, which the Court previously determined to be legally and factually correct for the reasons stated therein.

The Fourth Circuit has recognized that, where an attorney's negligence or mistake results in the entry of a *default judgment* against a party, Rule 60 should be liberally construed so that "a blameless party [is] not . . . disadvantaged by the errors or neglect of his attorney." Augusta Fiberglass, 843 F.2d at 811 (quoting United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982). See Universal Film Exchanges, Inc. v. Lust, 479 F.2d 573, 576 n.1 (4th Cir. 1973) (distinguishing cases involving default judgments from those involving summary judgment on the merits); Holliday, 1990 WL 74425, at *1 (per curiam) ("Moradi . . . is distinguishable. There we reversed a default judgment entered against Moradi by the district court after his answer was not accepted because his counsel failed to follow local rules. Here, the district court entered summary judgment on the merits."); see also Solaroll Shade and Shutter Corp. v. Bio–Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986) (noting that district court's order "was not an extraordinary sanction entered to penalize counsel's failure to comply with a discovery request or some other pretrial order. Instead, the court was duly deciding a motion before it to which appellant's counsel had failed to respond. Such an order does not abbreviate the adversary process. Rather, it prevents a party's negligence from unduly extending that process."). Notably, in this case, the Order of Judgment was entered

dismissing the case "without prejudice," thus allowing the Plaintiffs the opportunity to re-file their case upon the exhaustion of the necessary administrative remedies. [Doc. 41].

In sum, the Court concludes that the entry of the Order granting the Defendants' motions to dismiss this case was legally correct and does not create a manifest injustice in this case. Alternatively, the Court concludes that the Plaintiffs would not be entitled to relief under Rule 60(b). They have failed to establish that their failure to timely respond to the motions to dismiss in addition to their failure to comply with Local Rules in their memorandum was the result of any mistake, inadvertence or excusable neglect or that they have a meritorious defense in this action. Accordingly, in exercise of its discretion, the Court declines to vacate the Order and Judgment granting the Defendants' motions to dismiss against the Plaintiffs. The Plaintiffs' Motion for Relief is hereby denied.

### **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion for Relief from the Judgment [Doc. 43] is **DENIED**.

**IT IS SO ORDERED**.

Signed: March 18, 2014

Martin Reidinger
United States District Judge